# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MAJOR CLARK, LAURA BANTA, M. | : | |
| NASH, THOMAS GRENEVICH, J. YODIS, | : | |
| JOSEPH DUPONT, PA DEPARTMENT | : | |
| OF CORRECTIONS and JOHN WETZEL | : | NO.18-5316 |

## ORDER

**NOW**, this 24th day of January, 2019, upon consideration of *pro se* Plaintiff Quintez

Talley's Motion for Leave to Proceed *In Forma Pauperis* (Document No. 1), his Prisoner

Trust Fund Account Statement, and his Complaint (Document No. 2), it is **ORDERED**

that:

      1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C.

§1915.

      2.      The plaintiff, Quintez Talley, No. KT-5091, shall pay the filing fee of $350.

      3.      Based on plaintiff's financial statement, an initial partial filing fee of **$ 54.01**

is assessed.  The Superintendent or other appropriate official at SCI-Fayette or any prison

at which plaintiff may be incarcerated is directed to deduct **$ 54.01** from the plaintiff's

inmate trust fund account, when such funds become available, and forward that amount

to be credited to **Civil Action No. 18-5316**, to the following address:

                        Clerk of the United States District Court
                        for the Eastern District of Pennsylvania
                        Room 2609
                        601 Market Street
                        Philadelphia, Pennsylvania 19106

      4.      The Superintendent or other appropriate official at SCI-Fayette or any

prison at which the plaintiff may be incarcerated shall, after the initial partial filing fee is paid and until the balance of the filing fee is paid in full, deduct from the plaintiff's account each time that the plaintiff's inmate trust fund exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to **Civil Action No. 18-5316**, to the address provided above in paragraph 3.

5.      The complaint is deemed filed.

6.      This action is **DISMISSED WITH PREJUDICE**, without costs, as to defendants Major Clark, Laura Banta, M. Nash, Thomas Grenevich, J. Yodis, Joseph Dupont, and John E. Wetzel.

7.      Pursuant to Federal Rule of Civil Procedure 4(d), the Clerk of Court is specially appointed to serve a copy of the complaint and written waiver requests on the defendants, informing the defendants of the consequences of waiving and not waiving service.  The waiver requests shall allow the defendants at least thirty days from the date they are sent (sixty days if addressed outside any judicial district of the United States) to return the signed waivers.

8.      If a signed waiver is not returned within thirty days of the date it was served, the Clerk of Court shall issue summonses and transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(3);

9.      All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting

*pro se*).  Service may be by mail.  Proof that service has been made is provided by a certificate of service.   This certificate shall be filed in the case along with the original papers and shall show the day and manner of service.   An example of a certificate of service by mail follows:

> I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of     (month), (year).
>
> _____
> (Signature)

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the Court.

10.     Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.   The Federal Rules of Civil Procedure, local rules and Judge Savage's Policies and Procedures, a copy of which is attached, are to be followed.  Plaintiff is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal of this action.

11.     Plaintiff is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the

dispute." Plaintiff shall attempt to resolve any discovery disputes by contacting defendants' counsel directly by telephone or through correspondence.

12.     No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

13.     In the event a summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

14.     The parties shall notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

15.     The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Superintendent or other appropriate official at SCI-Fayette and to the plaintiff.


                                                    /s/TIMOTHY J. SAVAGE